UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODREKKA BRITT for
VERITA HOLDER, deceased,[1]

     Plaintiff,

v.                     CASE No. 8:12-CV-1638-T-TGW

CAROLYN W. COLVIN,[2]
Acting Commissioner of Social Security,

     Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[3] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

_____

[1] This suit was filed by Verita Holder, the claimant. She subsequently died. Her daughter, Rodrekka Britt, was substituted as the plaintiff pursuant to a court Order dated March 28, 2013 (Doc. 24). For convenience, Holder will continue to be referred to as the plaintiff.

[2] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[3] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 21).

Furthermore, although the plaintiff has filed a motion for a remand pursuant to the sixth sentence of 42 U.S.C. 405(g) (Doc. 26), she has failed to establish grounds for such a remand.

I.

The plaintiff, who was forty-one years old at the time of the administrative hearing and who has an eleventh grade education, has worked as a manicurist/nail technician (Tr. 46, 47, 121). She filed a claim for supplemental security income payments, alleging that she became disabled due to cervical neuralgia and scoliosis of the lumbar spine (Tr. 102). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of torn rotator cuff left shoulder, leftward lumbar rotoscoliosis, and cervical neuralgia (Tr. 25). He concluded that, despite these impairments, the plaintiff had the residual functional capacity to perform the full range of light work (id.). The law judge determined that such a restriction did not prevent the plaintiff from returning to past work as a manicurist/nail technician (Tr. 28). The law judge therefore decided that the

plaintiff was not disabled from May 22, 2008, the date she filed her application, through the date of the decision (Tr. 23).

The plaintiff sought review by, and submitted additional evidence to, the Appeals Council (Tr. 1-5). The additional evidence consisted of a checklist form entitled "Medical Verification to be Completed by Licensed Physician" that stated the plaintiff was unable to work (Tr. 257). The Appeals Council considered the additional evidence, but found that the information did not provide a basis for changing the law judge's decision (Tr. 2). Accordingly, the Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 1).

The plaintiff then sought review of the Commissioner's decision in this court. After the parties had filed their memoranda regarding the decision, the plaintiff filed a motion to remand under 42 U.S.C. 405(g) based upon treating physician Dr. A. George Idiculla's treatment notes and opinion that the plaintiff "cannot do any work to make a living" (Doc. 26, Doc. 26-10, Doc. 26-12). The Commissioner opposes the remand (Doc. 27).

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary

conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff filed her claim for supplemental security income on May 22, 2008. Accordingly, she cannot receive benefits for any month prior to June 2008. 20 C.F.R. 416.335. Thus, the only evidence which is relevant to the claimant's claim is that which sheds light on her condition as of May 22, 2008.

In addition, plaintiff's counsel acknowledged at the hearing that there had been a prior adverse decision by an administrative law judge on November 7, 2007 (Tr. 36). Since there is no indication that the prior decision has been reopened, that decision would remain binding and negate the significance of any evidence prior to that date. See 20 C.F.R. 416.1455, 416.1481.

A. The plaintiff contends first that the Appeals Council erred in denying review based upon a form entitled "Medical Verification to be Completed by Licensed Physician" that was signed by treating physician Dr. Abraham M. Karot on December 31, 2011 (Doc. 22, pp. 5-8; Tr. 1-4, 257). This evidence, which was generated more than one and one-half years after the law judge's decision, is a checklist form that contains several questions regarding the plaintiff's ability to engage in vocational activities (Tr. 257).

Specifically, Dr. Karot placed a checkmark beside the statement "Unable to work" and checked "No" in response to whether the plaintiff could perform light clerical duties or sit in an air-conditioned classroom to attend vocational classes for four hours (id.).   Dr. Karot attributed those limitations to cervical neuralgia with radiculopathy to the left arm, rotoscoliosis of the lumbar spine, depression, and anxiety (id.).   He opined that the plaintiff's condition would last twelve months (id.).

The Appeals Council found that this evidence did not provide a basis for changing the law judge's decision (Tr. 2).   Specifically, the Appeals Council stated (id.):

> We ... looked at [the] statement by Abraham Karot, M.D. dated December 31, 2011....Dr. Karot's statement is conclusory and on an issue reserved for the Commissioner.   It was also issued more than a year after the hearing decision was issued. The Administrative Law Judge decided your case through April 15, 2010.   Therefore, it does not affect the decision about whether you were disabled beginning on or before April 15, 2010.

Judicial review of the Appeals Council's denial of review after the submission of new evidence is governed by Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007). The Eleventh Circuit sought to clarify in Ingram the law concerning the nature and extent

of judicial review of new evidence that was first presented to the Appeals

Council. In my view, <u>Ingram</u> held that, when the Appeals Council considers

new evidence and denies review, the district court should determine whether

the Appeals Council has correctly decided that the law judge's findings are

not contrary to the weight of all the evidence. <u>See</u> <u>Tucker</u> v. <u>Astrue</u>, 2008

WL 2811170 (M.D. Fla. 2008). Accordingly, the additional evidence will be

considered with respect to a determination of whether, in violation of 20

C.F.R. 416.1470(b), the Appeals Council erred in concluding that the law

judge's findings were not contrary to the weight of the evidence currently of

record.

Before this determination is undertaken, the threshold inquiry is

whether the additional evidence is new and material. Unless both of these are

shown, §416.1470(b) does not come into play. The evidence, of course, must

pertain to the alleged disability period. <u>See</u> <u>Wilson</u> v. <u>Apfel</u>, 179 F.3d 1276,

1279 (11th Cir. 1999); <u>Burgin</u> v. <u>Commissioner of Social Security</u>, 420 Fed.

Appx. 901, 903 (11th Cir. 2011).

The plaintiff, therefore, has to overcome three hurdles in order

to prevail on her <u>Ingram</u> claim. Thus, she must show (1) that the evidence

relates to the period on, or before, the date of the law judge's decision; (2)

that the evidence is new and material; and (3) that the Appeals Council erred in deciding that the law judge's findings were not contrary to the weight of all the evidence.  See Burgin v. Commissioner of Social Security, supra, 420 Fed. Appx. at 903.  The plaintiff has not satisfied that criteria.

With regard to the first factor, the Appeals Council emphasized that the evidence was issued more than a year after the hearing decision and, therefore, concluded that the evidence did not affect the decision about whether the plaintiff was disabled on, or before, April 15, 2010, the date of the law judge's decision (Tr. 2).  This conclusion is amply supported; thus, the date on the form is December 31, 2011, long after the alleged disability period, and Dr. Karot does not purport to relate his opinion back to the pertinent time period (see Tr. 257).  Notably, Dr. Karot had not even seen the plaintiff during the alleged disability period.[4]  Moreover, as the Commissioner points out (Doc. 25, p. 6), Dr. Karot opined that the plaintiff's condition was temporary and expected to last twelve months.  Therefore, even if Dr. Karot's opinion related back twelve months, it would still be outside the pertinent time period.

---

[4]Consequently, the plaintiff's contention is baseless that Dr. Karot was in the best position to opine regarding the plaintiff's functioning during the alleged disability period (Doc. 22, p. 7).

Significantly, the plaintiff has made no attempt to show, by citation to the December 31, 2011, form, that the 2011 form relates to the period on, or before, the law judge's decision. Rather, the plaintiff argues, cryptically, that Dr. Karot's 2011 opinion was "not necessarily ... chronologically irrelevant" because it "describes physical symptoms manifested by the Plaintiff that due to their nature and severity could bear on her condition during the relevant period between March 22, 2008 and April 25, 2010" (Doc. 22, p. 6). However, Dr. Karot's opinion does not describe any physical symptoms; it merely lists diagnoses which, as discussed infra, p. 12, do not establish the severity of the impairments. Furthermore, Dr. Karot stated that depression and anxiety (Tr. 257) contributed to the plaintiff's purported disabling condition, and neither of those impairments was even alleged to be severe during the pertinent time period (Tr. 102).

In sum, the plaintiff has provided no basis to conclude that Dr. Karot's opinion of disability dated December 31, 2011, relates to the plaintiff's functioning during the pertinent time period. Accordingly, the plaintiff has failed to demonstrate that under §416.1470(b) the Appeals Council was obligated to review the case. See Barclay v. Commissioner of Social Security, 274 Fed. Appx. 738, 742-43 (11th Cir. 2008) (the Appeals

Council did not err in denying review because the medical records pertained to a time after the last date insured).

Furthermore, even if the plaintiff had shown that the evidence related to the period prior to the law judge's decision (which she has not), the plaintiff would still have to show that the evidence was new and material in order to invoke §416.1470. Evidence is considered new if it is not cumulative. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999). Evidence is material if there is a reasonable possibility that the new evidence would change the administrative result. Id. Under that standard, Dr. Karot's opinion is not material.

First, the conclusory nature of Dr. Karot's opinion, by itself, justifies the Appeals Council's denial. See Burgin v. Commissioner of Social Security, supra, 420 Fed. Appx. at 903 (the Appeals Council did not err in refusing to remand based on the new evidence because it was free to give little weight to the conclusory assertions contained in the questionnaires that merely consisted of items checked on a survey); Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987); Lanier v. Commissioner of Social Security, 252 Fed. Appx. 311, 313 (11th Cir. 2007).

Thus, Dr. Karot gave no meaningful explanation for the opinion that the plaintiff was unable to work. He merely provided a list of diagnoses (Tr. 257). However, it is well-established that it is the functional limitations from an impairment, and not the diagnosis of an impairment, that are determinative in an evaluation of disability. Thus, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)); Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005). Dr. Karot failed to explain how the plaintiff's diagnoses created specific functional limitations that precluded the plaintiff from engaging in substantial gainful activity. See id.

Furthermore, as the Appeals Council noted (Tr. 2), Dr. Karot's opinion that the plaintiff is unable to work is not even a medical opinion, but rather opines on a vocational issue reserved to the Commissioner. 20 C.F.R. 416.927(e)(3); Shaw v. Astrue, 392 Fed. Appx. 684, 687 (11th Cir. 2010); Lanier v. Commissioner of Social Security, supra, 252 Fed. Appx. at 314.

Moreover, Dr. Karot's sparse treatment notes fail to support his opinion, as they lack any clinical or objective evidence of disabling impairments and do not contain any functional limitations. See Barclay v. Commissioner of Social Security, supra, 274 Fed. Appx. at 740 (lack of supporting medical records may be considered in rejecting the treating physician's opinion). Notably, treating physician Dr. Idiculla opined, similar to Dr. Karot, that the plaintiff was unable to work due to cervical neuralgia and rotoscoliosis of the lumbar spine, and the law judge rejected Dr. Idiculla's opinion because it was conclusory and unsupported by treatment notes (Tr. 28, 239). There is no basis to think that the law judge would evaluate Dr. Karot's opinion any differently.

In sum, the plaintiff has failed to establish that Dr. Karot's 2011 opinion of disability concerns the relevant time period and that it is material, as required by §416.1470. Accordingly, the Appeals Council did not err in denying the request for review.

B. The plaintiff also contends as a sub-issue in this argument that the Appeals Council's explanation for denying review was inadequate (Doc. 22, pp. 7-8). Specifically, the plaintiff argues that the Appeals Council "gave no indication as to what weight it accorded the treatment of Dr. Karot's

-13-

2011 report" and failed to mention that two other physicians had opined that the plaintiff could not work (Doc. 22, pp. 7-8, 11).

That contention is factually and legally baseless. Dr. Karot's 2011 statement was the only additional evidence submitted to the Appeals Council. The Appeals Council gave specific reasons for concluding that it did not affect the decision about whether the plaintiff was disabled on, or before, April 15, 2010 (Tr. 2). This explanation was clearly reasonable and adequate.

Moreover, the Eleventh Circuit has held that the Appeals Council does not have to explain its denial of review. Mansfield v. Astrue, 395 Fed. Appx. 528, 530 (11th Cir. 2010); Burgin v. Commissioner of Social Security, supra, 420 Fed. Appx. at 903 (rejecting the argument that the Appeals Council was required to indicate the weight it gave to the new evidence); Barclay v. Commissioner of Social Security, supra, 274 Fed. Appx. at 743. Therefore, the contention that the Appeals Council erred in this regard is meritless.

C. The plaintiff's final issue in her memorandum is entitled "The Appeals Council Failed to Properly Accord the Weight of the Medical Opinions of Dr. Idiculla and Dr. Karot" [sic] (Doc. 22, p. 8). As discussed

above, the Appeals Council was not required to give any further explanation
for its determination to deny review.

The plaintiff also contends in this argument that the law judge
failed to evaluate properly those treating physicians' opinions (id., pp. 8-11).
However, the plaintiff has not shown that the law judge committed reversible
error with regard to his consideration of those opinions.

Opinions from treating physicians should be given substantial or
considerable weight unless there is good cause for not doing so. Phillips v.
Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004).  Good cause exists when the
treating physician's opinion is not bolstered by the evidence, the evidence
supports a contrary finding, or the opinion is conclusory or inconsistent with
the physician's own medical records.  Lewis v. Callahan, 125 F.3d 1436,
1440 (11th Cir. 1997).

Dr. Idiculla, a treating physician, scribbled on a prescription pad
the following: "Pt has cervical Neuralgia, Rotoscoliosis of Lumbar spine and
that she cannot do any work to make a living" (Tr. 245).  The law judge
considered that opinion, but stated that "Dr. Idiculla's opinion is accorded no
weight as it is conclusory and unsupported [by the] treatment notes" (Tr. 28).
This explanation is sufficient to discount Dr. Idiculla's opinion.  See Lewis

v. Callahan, supra; Johns v. Bowen, supra, 821 F.2d at 555; Lanier v. Commissioner of Social Security, supra, 252 Fed. Appx. at 313-14.

Importantly, Dr. Idiculla does not provide any meaningful explanation for his opinion that the plaintiff cannot work. 20 C.F.R. 416.927(c)(3) ("[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion."). Rather, he merely identifies diagnoses of cervical neuralgia and rotoscoliosis of the lumbar spine (Tr. 245). However, as discussed supra, p. 12, "[t]he mere existence of an impairment does not reveal the extent to which it limits a claimant's ability to work." Robinson v. Astrue, 365 Fed. Appx. 993, 995 (11th Cir. 2010).

A meaningful explanation for Dr. Idiculla's opinion was especially important in this circumstance because, as the law judge stated, Dr. Idiculla's own treatment records do not support a finding that the plaintiff cannot work (Tr. 28). See Barclay v. Commissioner of Social Security, supra, 274 Fed. Appx. at 740 (lack of supporting medical records may be considered in rejecting the treating physician's opinion); Longworth v. Commissioner Social Security Administration, 402 F.3d 591, 596 (6th Cir. 2005) ("a lack of physical restrictions constitutes substantial evidence for a finding of non-disability"); Crawford v. Commissioner of Social Security, 363 F.3d 1155,

1159 (11th Cir. 2004) (treating physician's report "may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory"). Thus, although Dr. Idiculla variously noted the plaintiff's subjective reports of neck, shoulder and back pain, his treatment notes do not contain any functional limitations and reflected essentially normal findings on physical examination except for the plaintiff's shoulder (see Tr. 240-42, 247-51).

Moreover, as the law judge discussed (Tr. 26-28), no other physician's treatment notes contain objective or clinical findings supporting a conclusion of total disability. Thus, the law judge summarized (Tr. 27-28):

> The claimant's medical records are sparse and include large gaps in treatment over the alleged period of disability. ... On one occasion the claimant underwent injection therapy [on her shoulder] and it relieved all of her pain leaving her with a full range of motion yet there is no indication that she continued this therapy. When she presented to the hospital she also demonstrated a full range of motion. The MRIs of her lumbar spine only revealed minimal degenerative changes. Physical examinations indicated that she had no muscle weakness and very little limitation of range of motion. Her doctors never suggested that her impairments required anything more than conservative treatment such as physical therapy, injections or pain medication. ... Furthermore, the claimant's activities of daily living are not limited

> by her impairments and she is able to take care of
> herself and her children.

Moreover, non-examining reviewing physician Dr. Thomas Peele, whose opinion the law judge gave great weight, opined that the plaintiff's medical records showed that the plaintiff could do a range of light work (Tr. 220-27). In sum, the law judge has shown good cause for giving Dr. Idiculla's opinion no weight.

Significantly, the plaintiff does not even acknowledge the law judge's explanation for discounting Dr. Idiculla's opinion, and she certainly has not identified any evidence which compelled the law judge to make a contrary finding. See Ashcroft v. Adefemi, supra. Therefore, any challenge to the law judge's rejection of Dr. Idiculla's opinion is meritless.

The plaintiff also argues that the law judge failed to credit a November 2005 opinion given by Dr. Karot (Doc. 22, p. 10). In this regard, Dr. Karot scribbled on a prescription pad that the plaintiff "has cervical neuralgia, Rotoscoliosis of lumbar spine and so she can not do any work to make a living" (id.; Tr. 245).

The alleged disability onset date in this case is May 22, 2008 (see Tr. 23; Doc. 22, p. 1). Dr. Karot's opinion, generated two and one-half years earlier and, according to plaintiff's counsel, before the prior adverse

decision by a law judge, does not opine on the plaintiff's condition during the alleged disability period.   Therefore, the law judge was not obligated to evaluate it in the decision.   See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

Moreover, any purported failure to evaluate that opinion is harmless because Dr. Karot's 2005 opinion is virtually identical to an opinion from Dr. Idiculla that the law judge expressly rejected (Tr. 28; compare Tr. 245: "She cannot do any work to make a living" due to "cervical neuralgia [and] rotoscoliosis of lumbar spine," with Tr. 239: "Pt has cervical Neuralgia, Rotoscoliosis of Lumbar spine and that she cannot do any work to make a living").   Thus, Dr. Karot's 2005 opinion, similar to Dr. Idiculla's rejected opinion, is conclusory and unsupported by treatment records.   In fact, there are no contemporaneous treatment notes from Dr. Karot, and Dr. Karot's subsequent notes do not identify physical examination or clinical findings consistent with disabling impairments, nor do they contain any limitations on the plaintiff's functioning (see Tr. 183, 185, 187, 190, 191).   Therefore, even assuming that reliance upon Dr. Karot's 2005 opinion is not foreclosed by the attorney-acknowledged law judge decision of November 2007, there is no reason to think that the law judge would not have rejected Dr. Karot's 2005

opinion due to the same deficiencies that resulted in the rejection of Dr. Idiculla's 2009 opinion.

Finally, the plaintiff makes a passing reference to a November 2006 opinion given by Dr. A.G. Reddy that the plaintiff "can not do any work to make living due to cervical disc disease and [left] rotator cuff tear" (Doc. 22, p. 10; Tr. 145). The plaintiff does not assert that the law judge failed to assess Dr. Reddy's opinion (see Doc. 22, p. 8), and she makes no attempt to develop an argument with regard to this opinion. Therefore, any argument with regard to Dr. Reddy is forfeited (see Doc. 20, p. 2 (Scheduling Order and Memorandum Requirements required the plaintiff in her memorandum to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and to support those challenges "by citations to the record of the pertinent facts and by citations of the governing legal standards")).

Regardless, any challenge to the law judge's decision based on Dr. Reddy's opinion is meritless. Thus, Dr. Reddy's conclusory opinion was given prior to the alleged disability period and before the prior adverse decision, and therefore, on its face, is irrelevant. Furthermore, Dr. Reddy's opinion is unsupported by any treatment notes. In fact, as the Commissioner

points out, the record contains no evidence that Dr. Reddy had even treated the plaintiff.

Moreover, medical records generated after Dr. Reddy's opinion do not show significant abnormalities that would preclude working. For example, treating physician Dr. Kulmeet S. Kundlas noted in the following months that physical examinations of the plaintiff's musculoskeletal and neurological systems were unremarkable, the plaintiff had full range of motion, and she had normal muscle tone without any atrophy or abnormal movements (Tr. 157-58, 159-60, 161-62). Furthermore, although the plaintiff had a rotator tear cuff of her left shoulder (Tr. 254), orthopedic surgeon Dr. Maury L. Fisher noted that, after the plaintiff received a subacromial injection in her shoulder in March 2008, the plaintiff reported having "no pain at all," physical examination of that shoulder was normal, and the plaintiff had a full range of motion and normal muscle strength in the shoulder and neck (Tr. 165, 167).

Therefore, the plaintiff has failed to show that the law judge committed reversible error by failing to credit the conclusory and unsupported opinions of Dr. Karot and Dr. Reddy, which do not even pertain to the alleged disability period.

In sum, the plaintiff's contentions that she is entitled to a reversal of this case pursuant to sentence four are meritless.

IV.

The plaintiff also filed a motion seeking a remand of this case pursuant to the sixth sentence of 42 U.S.C. 405(g), based upon allegedly new and material evidence (Doc. 26). In this respect, the plaintiff presents treatment notes from Dr. Idiculla dated January 29, 2010, to August 31, 2010, and an opinion from Dr. Idiculla dated January 29, 2010, that the plaintiff "cannot do any work to make a living" due to cervical neuralgia and rotoscoliosis of the lumbar spine (id., p. 1).

New evidence may support a remand under sentence six of 42 U.S.C. 405(g). Falge v. Apfel, supra, 150 F.3d at 1323. In order to obtain a remand, the plaintiff must demonstrate that (1) the evidence is new and not cumulative, (2) the evidence is material in that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the plaintiff's failure to submit the evidence at the appropriate level. Id. The plaintiff cannot satisfy these criteria.

The evidence is new because it was not before the law judge or the Appeals Council. However, none of the evidence presented is material, and Dr. Idiculla's opinion of disability is also cumulative.

Dr. Idiculla's opinion dated January 29, 2010, is a note scribbled on a prescription pad that the plaintiff "cannot do any work to make a living" due to cervical neuralgia and rotoscoliosis of the lumbar spine (Doc. 26-13, p. 7). As the plaintiff acknowledges (Doc. 26, p. 10), that opinion is "identical to the statement Dr. Idiculla made on September 25, 2009," to which the law judge gave no weight (Tr. 28; compare Tr. 239 with Doc. 26-13, p. 7). Thus, Dr. Idiculla's January 2010 opinion is clearly cumulative of evidence already before the law judge. Accordingly, it does not provide a basis for a sentence six remand.

Additionally, Dr. Idiculla's January 2010 opinion is not material. Thus, the law judge gave "no weight" to Dr. Idiculla's September 2009 opinion because it was conclusory and unsupported by treatment records (Tr. 28) and Dr. Idiculla's January 2010 opinion has the same deficiencies.

In particular, Dr. Idiculla's January 29, 2010, treatment note from the date he wrote the opinion of total disability reflects that the plaintiff's physical examination was normal and does not identify any

-23-

functional limitations (Doc. 26-11, p. 7). Dr. Idiculla's other treatment notes also fail to identify debilitating limitations. Notably, Dr. Idiculla stated that the plaintiff had failed to see an orthopedic physician as he advised (id.), which undercuts the allegation that the plaintiff was suffering from disabling pain. In sum, there is not a reasonable possibility that Dr. Idiculla's conclusory and cumulative opinion of disability would change the law judge's decision.

The plaintiff also argues as a basis for remand treatment notes from Dr. Idiculla dated January 29, 2010, through August 31, 2010 (Doc. 26, p. 1). However, that evidence also is not material because there is no reasonable possibility that it will change the law judge's decision.

Those treatment records, labeled "follow up," document four appointments with the plaintiff (Doc. 26-11, pp. 1-7). Notably, only two of the treatment notes even reference the alleged disability period. See Wilson v. Apfel, supra, 179 F.3d at 1279 (time relevant documents are those that pertain to the alleged disability period). Further, although the treatment notes list diagnoses and the plaintiff's various subjective complaints of pain, they contain no objective evidence of debilitating impairments (Doc. 26-11, pp. 1-7). To the contrary, the physical examinations are normal and Dr.

Idiculla does not assess any functional limitations (id.). Additionally, Dr. Idiculla prescribes only conservative treatment and, as indicated, the plaintiff did not even comply with Dr. Idiculla's referral to see an orthopedic physician (id., p. 7).

Moreover, the plaintiff makes no meaningful attempt to demonstrate that the evidence is likely to change the administrative decision. The plaintiff merely argues that the treatment notes are material because they reflect "continual on-going treatment substantiating the severity of Plaintiff's impairments" (Doc. 26, p. 10). However, on-going treatment does not mean that a person has an impairment of disabling proportions, and the plaintiff does not cite to any such evidence. Rather, she cites to diagnoses of conditions (id.) which, as discussed above, do not show the severity of the impairments. Furthermore, the plaintiff does not suggest what, if any, additional functional impairments the evidence allegedly shows. In sum, there is not a reasonable possibility that the law judge would change his decision after considering those medical records from Dr. Idiculla. Therefore, that evidence is not material.

In addition, the Social Security Act requires that a plaintiff seeking a sentence six remand must show "that there is good cause for the

failure to incorporate [the new] evidence into the record in a prior proceeding." 42 U.S.C. 405(g). Typically, that is done simply by showing that the evidence was not in existence prior to the administrative decision. Archer v. Commissioner of Social Security, 176 Fed. Appx. 80, 82 n.3 (11th Cir. 2006). Under that criterion, the plaintiff would not have shown good cause for the failure to produce the evidence at the administrative level because those records existed long before the Appeals Council's decision, and a portion of them were generated even prior to the law judge's decision.

Plaintiff's counsel asserts as good cause for not submitting the evidence in a timely manner that, due to the plaintiff's transience, it was difficult to obtain from the plaintiff updates regarding her medical treatment (Doc. 26, p. 10). However, as the Commissioner points out, plaintiff's counsel already knew that Dr. Idiculla was one of the plaintiff's treating physicians, and he had requested records from Dr. Idiculla previously (Doc. 26-5, p. 1). Therefore, it is unclear how the plaintiff's transience was responsible for the untimely submission of those records.

For these reasons, the plaintiff has not satisfied the requirements for a remand pursuant to sentence six of 42 U.S.C. 405(g).

It is, therefore, upon consideration

ORDERED:

1. That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment accordingly and CLOSE this case.

2. That the Motion to Consider New Evidence Submitted to District Court and Remand to Commissioner Under Sentence Six of the Subsection of the Social Security Act (Doc. 26) is DENIED.

DONE and ORDERED at Tampa, Florida, this _____ day of January, 2014.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE